Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

VERSO LAW GROUP LLP
Gregory S. Gilchrist (Cal. Bar No. 11536) (*pro hac* admission forthcoming)
greg.gilchrist@versolaw.com
Ryan Bricker (Cal. Bar No. 269100) (*admitted pro hac vice*)
ryan.bricker@versolaw.com
Meher Badia (Cal. Bar No. 350990) (*pro hac* admission forthcoming)
meher.badia@versolaw.com
565 Commercial Street, 4th Fl.
San Francisco, California 94111
Telephone: (415) 534-0495

Attorneys for Plaintiff
*WisdomTree, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WISDOMTREE, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>JOHN DOES 1-10,<br><br>*Defendants*. | **CIVIL ACTION NO.: 25-cv-194 (PAE)**<br>**MODIFIED**<br>~~**[PROPOSED]**~~<br>**1) TEMPORARY RESTRAINING**<br>**ORDER; 2) ORDER TO SHOW**<br>**CASUE WHY A PRELIMINARY**<br>**INJUNCTION SHOULD NOT ISSUE;**<br>**3) ORDER RESTRAINING**<br>**DEFENDANTS' ASSETS WITH THE**<br>**FINANCIAL INSTITUTIONS; 4)**<br>**ORDER AUTHORIZING**<br>**BIFURCATED AND ALTERNATIVE**<br>**SERVICE; AND 5) ORDER**<br>**AUTHORIZING EXPEDITED**<br>**DISCOVERY** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or WisdomTree** | WisdomTree, Inc. |
| **Defendants** | Defendants John Does 1-10 |
| **Fraud Scheme** | The collective procedure by which Defendants misuse counterfeit WISDOMTREE Marks and induce consumers solicited through WhatsApp (as defined below) into depositing money and personal information into the Fraudulent Investment Platforms, as detailed in Paragraphs 18-26 of the Complaint |
| **WhatsApp** | A communication and networking platform that allows users to send text, voice messages and video messages |
| **Complaint** | Plaintiff's Complaint filed on January 9, 2025 |
| **Motion** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order to show cause why a preliminary injunction should not issue; 3) an order freezing Defendants' Assets (as defined below) and/or Defendants' Financial Accounts (as defined below) with the Financial Institutions (as defined below); 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Bricker Dec.** | Declaration of Ryan Bricker in Support of Plaintiff's Motion |
| **Park Dec.** | Declaration of Mee A. Park in Support of Plaintiff's Motion |
| **WISDOMTREE Marks** | WisdomTree's trademarks as identified in paragraphs 11-12 of the Park Dec. |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | JPMorgan Chase Bank, NA ("JPMorgan"), Citibank (Hong Kong) Limited ("Citibank") and/or any entities affiliated with JPMorgan and/or Citibank holding Defendants' Assets (WisdomTree expects to identify additional financial institutions through discovery) |
| **Third-Party Service Providers** | Platforms and/or entities whose services Defendants used to enact the Fraud Scheme, including but not limited to: Meta Platforms, Inc. ("Meta"), T-Mobile US Inc. ("T-Mobile"), Vodafone Group Plc ("Vodafone"), Blackstone |

| | |
|---|---|
| | Inc. ("Blackstone"), Google LLC ("Google"), and Apple Inc. ("Apple"), conference halls, photographers, videographers, actors, web-designers, and/or Internet Service Providers |
| **User Accounts** | Third-Party Service Provider accounts registered, created, controlled, or used by the Defendants in connection with the conduct described in the Complaint |
| **Fraudulent Investment Platforms** | Mobile apps, web-based apps, and forms distributed through websites and Defendants' User Accounts, all of which fraudulently bear WISDOMTREE Marks. Defendants use the Fraudulent Investment Platforms to induce victims to transfer money, and/or to input their contact and banking information, for purposes of "buying into" a platform for investing in crypto-currencies/digital assets. |

This matter came before the Court on Plaintiff, WisdomTree Inc.'s *ex parte* Motion, for (1) a temporary restraining order, (2) an order to show cause why a preliminary injunction should not issue, (3) an order restraining Defendants' Assets and/or Defendants' Financial Accounts with the Financial Institutions, (4) an order authorizing bifurcated and alternative service, and (5) an order authorizing expedited discovery, all pursuant to the Lanham Act 15 U.S.C. §§ 1051 et seq., Rules 65(b) and (c) of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the District of New York.

The Court has considered the facts alleged in the Complaint; the Memorandum of Law submitted in support of this Motion; the supporting Mee A. Park and Ryan Bricker evidentiary declarations and exhibits, and all other evidence submitted. Good cause appearing, the Court makes the following findings, conclusions of law, and orders:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      WisdomTree owns common law rights in and numerous trademark registrations worldwide for a collection of WISDOMTREE and WISDOMTREE-formative marks (including logos). WisdomTree's U.S. registrations for the WISDOMTREE Marks follow:

| Trademark | Country | Reg/ No./Reg. Date | Goods | Date of First Use |
|---|---|---|---|---|
|  | US | #3727417 2009-12-22 | 35: Providing financial indices based on selected groups of securities<br><br>36: Providing financial, investment, stock exchange, and securities information; providing investment fund services; providing information on a selected group of securities forming a securities index | 6/16/2006 |

1

| | | | | |
|---|---|---|---|---|
| | | | and offering investment fund services in the nature of an index, index fund or actively managed fund comprised of a selected group of securities; offering investment fund services in the nature of exchange traded funds and index funds based on a securities index and other financial market indices | |
| WISDOMTREE | US | #3151954 2006-10-03 | 36: Providing financial, investment, stock exchange, and securities information via electronic means; providing information on a selected group of stocks forming a stock index; providing investment fund services, namely, offering exchange traded funds and index funds based on a stock index | 6/16/2006 |
| WISDOMTREE | US | #5482242 2018-05-29 | 35: Providing financial indices based on selected groups of securities | 6/16/2006 |
| WISDOMTREE PRIME | US | # 7376257 2024-04-30 | 9: Downloadable software for managing and validating transactions involving funds, financial assets, digital tokens, virtual currencies, cryptocurrencies, and other digital assets, including by using blockchain technology; Downloadable software for use in purchasing, selling, transacting, transferring, and trading of funds, financial assets, digital tokens, virtual currencies, | 1/18/2022 |

| | | | cryptocurrencies, and other digital assets; Downloadable software for use in the implementation and recordation of financial transactions; Downloadable software for the management and financial analysis of savings accounts, payments, and financial investments; Downloadable software for managing, storing, transacting, exchanging, purchasing, investing, sending, and receiving funds, financial assets, digital tokens, virtual currencies, cryptocurrencies, and other digital assets, using a secure digital wallet; Downloadable software for use as a digital wallet; Downloadable software for managing savings accounts, payments, and financial assets; Downloadable software using a distributed ledger, including blockchain, for collecting, aggregating, analyzing, modifying, transmitting, storing, and sharing data and information

36: Providing financial information and advice by electronic means in the field of finance, investment, stock exchange, and securities; Financial transaction services, namely, conducting electronic |

|  |  |  | financial transactions of funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets via a global computer information network; Financial information processing services, namely, providing transaction tracking in the nature of recording financial information in a ledger, and providing settlement services in the nature of clearing and reconciling financial transactions via a global computer network; Financial transaction services, namely, providing secure commercial transactions and payment options; Blockchain-based payment verification services; Payment processing of funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets; Transaction settlement services, namely, settlement services in the nature of clearing and reconciling financial transactions via a global computer network for transactions involving funds, financial assets, traditional currencies, digital currencies, crypto assets, virtual currencies, cryptocurrencies, and |  |

| | | | tokenized physical assets; Financial management relating to accounts and assets involved in financial transactions; Financial services, namely, providing electronic transfer of funds, financial assets, crypto assets virtual currencies, cryptocurrencies, and tokenized physical assets for use by members of an online community via a global computer network; Financial exchange services involving funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets for use by members of an online community via a global computer network; Financial services, namely, payment verification services using decentralized distributed ledger technology (DLT) for payments involving funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets |
|---|---|---|---|

2.      WisdomTree's success is due in part to the strength of the WISDOMTREE Marks, and its substantial marketing efforts and expenditures to promote them.

3.      WisdomTree is likely to succeed in its trademark infringement claims.  The evidence shows that Defendants, without WisdomTree's authorization or consent, are impersonating WisdomTree and its personnel by using counterfeit or infringing version of the

WISDOMTREE Marks as part of the deception, duping consumers and stealing their savings and personal information. The evidence shows that Defendants' Fraud Scheme operates as follows:

    a. Defendants obtain telephone numbers with area codes corresponding to their target geographic region, such as New York.

    b. Defendants use these regional phone numbers to create WhatsApp accounts under fraudulent identities, including "Jason Brown" (a fake persona claiming to be the Chief Analyst of WisdomTree Australia), "Scarlett Kelly" (a fake persona claiming to be Jason Brown's assistant), or "Will Peck" (misappropriating the name and photo of the real William Peck, Head of Digital Assets at WisdomTree), among others.

    c. Defendants create WhatsApp Groups that fraudulently use WisdomTree's name and logo, and add over one-hundred targeted victims to these groups.

    d. Defendants introduce themselves using the fake or misappropriated identities (such as Jason Brown, Scarlett Kelly, or Will Peck), and falsely claim they are executives of WisdomTree sharing investment advice.

    e. In furtherance of the scheme, and to engender a false sense of legitimacy, Defendants circulate, via WhatsApp, photographs and videos depicting a group of fake WisdomTree executives, such as Jason Brown. Defendants falsely claim these fake executives hosted a conference in partnership with Fidelity Investments, and several other financial institutions such as Goldman Sachs, BlackRock, and Vanguard.

6

f.  Defendants reinforce their deception by using the WhatsApp Groups to circulate fake newsletters (improperly bearing WisdomTree's mark) purporting to purvey WisdomTree's investment strategies.

g.  The scheme lures Defendants' victims into downloading a fraudulent and deceptive app or clicking on a deceptive web-based version hosted at a URL that unlawfully incorporates WisdomTree's trademark (e.g., h5.wisdomtreepro.com).

h.  Once victims are using the Fraudulent Investment Platforms, they are instructed to provide personal and financial information (including contact and banking information) and deposit cash toward fake investments.

i.  Defendants also solicit money from victims via direct bank transfers, outside of the Fraudulent Investment Platforms.

j.  Shortly after victims deposit cash into the Fraudulent Investment Platforms, they receive a message from Defendants that their funds have been "frozen to protect against fraud." Per reports, victims are unable to access the money they deposited into the fraudulent investment platforms. Defendants have effectively stolen all deposited funds.

4.  The evidence shows that Defendants are jointly involved in facilitating this scheme, based on a range of commonalities across the communication channels, messages, accounts, and counterfeit material used in furtherance of the scheme.

5.  The evidence shows that WisdomTree received complaints from consumers who were cheated based on their reliance on Defendants' malicious misrepresentations.

6.      The evidence shows that Defendants knowingly and intentionally misappropriated and counterfeited the WISDOMTREE Marks, WisdomTree's corporate identity, and the likeness of WisdomTree employees to fraudulently solicit money and personal information from victims.

7.      WisdomTree is likely to succeed in its false advertising claims. The evidence shows that Defendants have made literally false statements about their identities to consumers, and intentionally and maliciously impersonated WisdomTree or WisdomTree personnel to deceive consumers into transferring money into fraudulent investment schemes. Once consumers deposited funds with Defendants, they were unable to recover them.

8.      For similar reasons, WisdomTree is likely to succeed on all of its claims against Defendants, including violations of multiple provisions of New York General Business Law, anti-phishing statutes, and tortious interference with prospective economic advantage.

9.      Defendants' continued use of infringing and counterfeit WISDOMTREE Marks, and their impersonation of WisdomTree or its personnel to carry out the Fraud Scheme will cause WisdomTree to suffer irreparable harm, including damage to its goodwill and reputation as a trustworthy provider of financial products and services.  Additionally, consumers within the general public will remain at risk of ongoing fraud and deception if the Court does not grant the requested relief.

10.      Because Defendants have no legitimate interest in continuing to fraudulently solicit money from consumers using WISDOMTREE Marks, Defendants will suffer no countervailing injuries to legitimate interests if the Court issues the requested temporary restraining order. In contrast, the irreparable harm WisdomTree will suffer absent such relief far outweighs any potential harm to Defendants that will result if a temporary restraining order is issued.

11.      The public will benefit from the issuance of the temporary restraining order, as it

8

will protect WisdomTree's rights in the WISDOMTREE Marks and prevent consumers from being deceived and defrauded by Defendants.

12.    Plaintiff has not publicized its request for a temporary restraining order.

13.    Given the nature of their business and scheme, service on Defendants via WhatsApp is reasonably calculated to provide proper notice to Defendants and may be the only effective means. WisdomTree, in discovery, may learn more about Defendants' true identities and places of residence.

14.    Defendants are likely to destroy, hide or make inaccessible to the Court and to WisdomTree the records relating to their Fraud Scheme if WisdomTree is required to pursue its Motion on notice.

15.    Defendants are likely to conceal or transfer revenue and profits earned from their Fraud Scheme to avoid consequences such as a damages award or other monetary remedies.

16.    Based on the foregoing, Plaintiff has good cause to be granted expedited discovery, including to identify the Doe Defendants, and to further investigate the details and means of Defendants' counterfeiting and Fraud Scheme.

17.    Based on the foregoing, good cause exists for granting Plaintiff's request for an asset restraining order.

18.    Financial Institutions typically require a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts, and it is anticipated that it will take the Third-Party Service Providers a minimum of five (5) days to freeze Defendants' accounts. As such, the Court provides sufficient time for Plaintiff to serve the Financial Institutions and Third-Party Service Providers with this Order, and for the Financial Institutions and Third-Party Service Providers to comply with Paragraphs I.B.1 and I.B.2 of this

Order before requiring service on Defendants.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion is hereby **GRANTED** as follows:

## I.    TEMPORARY RESTRAINING ORDER

A.  IT IS ORDERED, as sufficient cause has been shown, that Defendants, and each of their respective officers, agents, privies, shareholders, principals, directors, licensees, affiliates, subsidiaries, successors and assigns, and all those persons acting in concert or participation with any of them, including any entity owned or controlled in whole or in part by any of the Defendants, who receive actual notice of this Order, are hereby enjoined, for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of the Court, from:

1.    using any of the WISDOMTREE Marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of the WISDOMTREE Marks, in any context, including without limitation in any presentation, advertisement, solicitation, social media post or ad, paid search advertisement, WhatsApp group, account or social media handle, domain name, or on any web-based platforms or mobile applications;

2.    using any of the WISDOMTREE Marks – or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of the WISDOMTREE Marks – in or as part of any mark, design or logo or otherwise on or in connection with the Fraud Scheme alleged in the Complaint, any similar fraudulent scheme or in a manner that violates WisdomTree's rights;

10

3.    continued operation of Defendants' User Accounts through WhatsApp, Meta, Google, Apple as a means for Defendants' operation of their counterfeiting and Fraud Scheme;

4.    impersonating WisdomTree, any WisdomTree employee (real or fictitious), or any other entity for the purpose of providing financial services, soliciting consumers via WhatsApp, offering a mobile application or web-based platform related to financial services or products, or hosting events purporting to represent WisdomTree's stance or relationship with any organization;

5.    hiding, concealing, destroying, altering, selling, transferring or otherwise disposing of Defendants' files (in any form, including physical or electronic), computer programs, data, business records, documents or any other records or evidence relating to their WhatsApp accounts, customers, phone numbers, mobile applications, web-based platforms, or bank accounts;

6.    effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, WhatsApp accounts, phone numbers, mobile applications, web-based platforms, bank accounts, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, or offerings for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

7.    instructing , directing or assisting any other person or business entity to engage in any of the activities enjoined by this Order.

B. IT IS ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, all persons or entities who receive actual notice of this Order, including the Third-Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of this Court:

1.   operation of Defendants' User Accounts in violation of this Order (accordingly, the Third-Party Service Providers and Financial Institutions are directed to disable or suspend all User Accounts, while preserving all information and content (including messages and contact lists) associated with such User Accounts); and

2.   instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above.

## II.   ASSET RESTRAINING ORDER

A. IT IS ORDERED, as sufficient cause has been shown, that Defendants and all persons acting in active concert and participation with them who receive actual notice of this Order, including the Third-Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from secreting, concealing, transferring, disposing of, withdrawing, encumbering or making any payments from or to Defendants' Assets or Defendants' Financial Accounts until further ordered by this Court.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, that the Financial Institutions shall locate and freeze any of Defendants' Financial Accounts or Defendants' Assets, including, without limitation, JPMorgan Chase Account No. 679608102, such that no withdrawals or transfers out of the account may be made, no assets may be concealed, and no debts may be paid with any of Defendants' Assets. Financial Institutions shall provide written confirmation of such attachment and freeze to WisdomTree's counsel.

### III.  ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND ORDER OF NOTICE

A.  Defendants are ORDERED to show cause before this Court in Courtroom 1305 of the United States District Court for the Southern District of New York at 40 Foley Square, New York, New York on _____, 2025 at _____ ___.m. or at such other time that this Court deems appropriate, why a preliminary injunction should not issue pursuant to Fed. R. Civ. P. 65(a).  Opposing papers, if any, shall be filed electronically with the Court on or before_____, 2025. WisdomTree shall file any Reply papers on or before _____, 2025. By the same date, WisdomTree shall file a proposed Preliminary Injunction.

B.  This ORDER shall serve as notice to Defendants that failure to appear at the show cause hearing scheduled in this Order may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## IV.    ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE

A. Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, service may be made on, and shall be deemed effective as to all Defendants if it is completed by the following means:

    1.     delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of WisdomTree's Motion seeking this Order to Defendants' WhatsApp accounts and Gmail account. Details of those accounts follow.

| Name Associated with WhatsApp and/or Gmail Accounts (if any) | WhatsApp Account Number or Gmail Address |
|---|---|
| Jason Brown | +61 432964165 |
| Admin | +61 450673205 |
| Scarlett Kelly | +61 433405952 |
| Admin | +61 433401676 |
| Will Peck | +1 8632082781 |
| Admin | +1 4124990913 |
| Alice Noah | +1 6465707352 |
| Admin | +1 2136596439 |
| Admin | +1 6464258134 |
| Admin | +1 917 5499711 |
| Will Peck | +1 6465707390 |
| Admin | +61 425184964 |
| Jason Brown | +61 450389145 |
| Scarlett Kelly | +61 430172426 |
| Jason Brown | +61 451329741 |
| | brauncenterfold@gmail.com |
| | geuoql902848@gmail.com |

    2.     following the close of discovery, if Defendants' physical addresses or email addresses are uncovered, delivery of: (i) copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website where each Defendant

14

will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of WisdomTree's Motion seeking this Order to Defendants' email address(es) or via Federal Express to Defendants' physical address(es).

B.  Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, service may be made on, and shall be deemed effective as to all Financial Institutions and Third-Party Service Providers when completed by email to the following addresses:

1.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Meta (WhatsApp's parent company) and WhatsApp will be able to download a PDF copy of this Order via electronic mail to: legal@whatsapp.com;

2.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Google (Gmail provider) will be able to download a PDF copy of this Order via electronic mail to: internationalcivil@google.com, uslawenforcement@google.com and google-legal-support@google.com;

3.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Apple will be able to download a PDF copy of this Order via electronic mail to: lawenforcement@apple.com;

4.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where T-Mobile will be able to download a PDF copy of this Order via electronic mail to: LERInbound@T-Mobile.com;

5.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Vodafone will be able to download a PDF copy of this Order via electronic mail to: privacy@tpgtelecom.com.au;

6.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Blackstone (Crown Hotel) will be able to download a PDF copy of this Order via electronic mail to: john.finley@blackstone.com;

7.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where JP Morgan will be able to download a PDF copy of this Order via electronic mail to: maxwell.taylor@jpmchase.com; and

8.  delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Citibank will be able to download a PDF copy of this Order via electronic mail to: cgchk@citi.com and cealagh.fitzpatrick@citi.com.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be deemed effective as to Defendants, the Third Party Service Providers and Financial Institutions through the pendency of this action.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be made within five (5) days of the Third Party Service Providers and Financial Institutions' compliance with **Paragraphs II(A)** and **VI** of this Order.

## V.  <u>ORDER AUTHORIZING EXPEDITED DISCOVERY</u>

A.  IT IS ORDERED THAT, as sufficient cause has been shown, within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon WisdomTree's counsel a written report under oath providing:

1.  their true name, all known aliases, and their current physical address;

16

2.    the name and location and URL of any and all investment platforms they own, operate or control, including but not limited to WisdomTree Pro and WT AUS, and the name, location, deposit account numbers associated with each platform;

3.    logs showing details of Defendants' access to the User Accounts (e.g., showing the date, time, and IP address associated with a particular access instance, together with the duration of the session (if available));

4.    the complete records related to any of the enjoined activities, including but not limited to any revenues, financial accounts, transaction summaries, customer information, investment details, banking records, efforts to obtain funds, receipts, invoices, solicitations, videos, advertisements, brochures, emails, customer contact information;

5.    the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances in any deposit, checking, investment, brokerage, retirement or other financial accounts; and

6.    a detailed description of all steps taken by each Defendant, or other person served to comply with this Order.

B.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, WisdomTree may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to WisdomTree's counsel.

C.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, WisdomTree may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to WisdomTree's counsel.

## VI.  ORDER AUTHORIZING EXPEDITED DISCOVERY AS TO THIRD-PARTY SERVICE PROVIDERS AND FINANCIAL INSTITUTIONS

A.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, within five (5) days of receipt of this Order, the Financial Institutions shall provide WisdomTree's counsel with all documents and records in its possession, custody or control (whether located in the U.S. or abroad)that are sufficient to show the following information related to any and all of Defendants' Financial Accounts and/or Defendants' Assets:

1.  account numbers;

2.  current account balances;

3.  identifying information associated with Defendants and Defendants' User Accounts, including, but not limited to, names, addresses, phone numbers, email addresses and other contact information;

4.  account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business formation documents and other records provided in connection with the opening of each and every one of Defendants' Financial Accounts;

5.  deposits and withdrawals during the previous twelve (12) months made into or from Defendants' Financial Accounts, and any and all supporting documentation,

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and complete account statements; and

6.    inbound and outbound wire transfers from and/or into Defendants' Financial Accounts during the previous twelve (12) months, including, but not limited to, documents sufficient to identify the sender and recipient of each transfer, the destination of the transferred funds, the names and locations of all intermediary and the beneficiary's banks, and the beneficiary's account numbers.

B.  IT IS FURTHER ORDERED THAT, as sufficient cause has been shown, that within five (5) days of receipt of this Order, the Third-Party Service Providers shall provide WisdomTree's counsel with all documents and records in its possession, custody or control (whether located in the U.S. or abroad) sufficient to show the following information related Defendants' User Accounts:

1.    identification of all User Accounts and account details associated with Defendants, including, without limitation, identifying information, account numbers, usernames, and other unique identifiers for any and all User Accounts that Defendants have ever had and/or currently maintain with the Third-Party Service Providers, to the extent not previously provided;

2.    the identities, locations and complete contact information of Defendants, including all known names, aliases, business entities, phone numbers, and email addresses associated with Defendants; User Accounts;

3.    Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, transaction records, payment processors,

linked financial accounts, and a full accounting of Defendants' financial history

under such accounts; and

4.    Records of any of Defendants' advertising, marketing, promoting, distributing,

displaying, and/or offering any investment advice or solicitations bearing the

WISDOMTREE Marks and/or marks that are confusingly similar to, identical

to and constitute an infringement of the WISDOMTREE Marks.

## VII.    SECURITY BOND

A.  IT IS FURTHER ORDERED that the $1,000.00 bond posted by Plaintiff shall remain

with the Court until a final disposition of this case or until this Order is terminated.


**SO ORDERED.**

SIGNED this __11__ day of ___March___, 2025.

*Paul A. Engelmayer*
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE