Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

VERSO LAW GROUP LLP
Gregory S. Gilchrist (Cal. Bar No. 11536) (*pro hac* admission pending)
greg.gilchrist@versolaw.com
Ryan Bricker (Cal. Bar No. 269100) (*pro hac* admission)
ryan.bricker@versolaw.com
Meher Badia (Cal. Bar No. 350990) (*pro hac* admission pending)
meher.badia@versolaw.com
565 Commercial Street, 4th Fl.
San Francisco, California 94111
Telephone: (415) 534-0495

*Attorneys for Plaintiff*
*WisdomTree, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WISDOMTREE, INC.<br><br>Plaintiff,<br><br>v.<br><br>PERGOO, INC., DENG LING, WISDOMTREE FINANCE LTD and JOHN DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO.: 1:25-CV-00194**<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

1

This matter came before the Court on Plaintiff, WisdomTree Inc.'s ("WisdomTree" or "Plaintiff"), Motion for Default Judgment and Permanent Injunction against Defendants Pergoo, Inc., Deng Ling, and Wisdomtree Finance Ltd. (collectively "Defendants"), addressing Defendants' fraud scheme involving trademark infringement, trademark counterfeiting, false advertising, unfair competition, phishing, and related state and common law claims arising out of Defendants' unauthorized use of WisdomTree's trademarks.

The Court has considered the facts alleged in the Complaint; the Memorandum of Law submitted in support of this Motion; the Declaration of Ryan Bricker in Support of Motion for Default Judgment ("Bricker Dec."), the Certificates of Service of the Summons and Complaint, the Certificates of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleading and papers filed in this action, it is hereby ORDERD, ADJUDGED and DECREED as follows:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.    This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Defendants. Venue is proper in this Court.

2.    WisdomTree owns common law rights in and numerous trademark registrations for a collection of WISDOMTREE Marks, including the WISDOMTREE word mark and the company's logo. These marks (collectively, the "WISDOMTREE Marks") are described in Paragraphs 15-16 of the Second Amended Complaint (Dkt. 39) (the "SAC") and shown below:

| Trademark | Country | Reg. No./ Reg. Date | Goods | Date of First Use |
|---|---|---|---|---|
| | US | #3727417 <br><br> 2009-12-22 | 35: Providing financial indices based on selected groups of securities | 6/16/2006 |

2

| | | | 36: Providing financial, investment, stock exchange, and securities information; providing investment fund services; providing information on a selected group of securities forming a securities index and offering investment fund services in the nature of an index, index fund or actively managed fund comprised of a selected group of securities; offering investment fund services in the nature of exchange traded funds and index funds based on a securities index and other financial market indices | |
|---|---|---|---|---|
| WISDOMTREE | US | #3151954 2006-10-03 | 36: Providing financial, investment, stock exchange, and securities information via electronic means; providing information on a selected group of stocks forming a stock index; providing investment fund services, namely, offering exchange traded funds and index funds based on a stock index | 6/16/2006 |
| WISDOMTREE | US | #5482242 2018-05-29 | 35: Providing financial indices based on selected groups of securities | 6/16/2006 |
| WISDOMTREE PRIME | US | #7376257 2024-04-30 | 9: Downloadable software for managing and validating transactions involving funds, financial | 1/18/2022 |

| | | | assets, digital tokens, virtual currencies, cryptocurrencies, and other digital assets, including by using blockchain technology; Downloadable software for use in purchasing, selling, transacting, transferring, and trading of funds, financial assets, digital tokens, virtual currencies, cryptocurrencies, and other digital assets; Downloadable software for use in the implementation and recordation of financial transactions; Downloadable software for the management and financial analysis of savings accounts, payments, and financial investments; Downloadable software for managing, storing, transacting, exchanging, purchasing, investing, sending, and receiving funds, financial assets, digital tokens, virtual currencies, cryptocurrencies, and other digital assets, using a secure digital wallet; Downloadable software for use as a digital wallet; Downloadable software for managing savings accounts, payments, and financial assets; Downloadable software using a distributed ledger, including blockchain, for | |

| | | | collecting, aggregating, analyzing, modifying, transmitting, storing, and sharing data and information

36: Providing financial information and advice by electronic means in the field of finance, investment, stock exchange, and securities; Financial transaction services, namely, conducting electronic financial transactions of funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets via a global computer information network; Financial information processing services, namely, providing transaction tracking in the nature of recording financial information in a ledger, and providing settlement services in the nature of clearing and reconciling financial transactions via a global computer network; Financial transaction services, namely, providing secure commercial transactions and payment options; Blockchain-based payment verification services; Payment processing of funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and |
|---|---|---|---|

| | | | tokenized physical assets; Transaction settlement services, namely, settlement services in the nature of clearing and reconciling financial transactions via a global computer network for transactions involving funds, financial assets, traditional currencies, digital currencies, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets; Financial management relating to accounts and assets involved in financial transactions; Financial services, namely, providing electronic transfer of funds, financial assets, crypto assets virtual currencies, cryptocurrencies, and tokenized physical assets for use by members of an online community via a global computer network; Financial exchange services involving funds, financial assets, crypto assets, virtual currencies, cryptocurrencies, and tokenized physical assets for use by members of an online community via a global computer network; Financial services, namely, payment verification services using decentralized distributed ledger technology (DLT) for payments involving funds, financial assets, crypto assets, virtual | |
|---|---|---|---|---|

6

| | | | currencies, cryptocurrencies, and tokenized physical assets | |
|---|---|---|---|---|
| | | | | |

3.    WisdomTree's success is due in part to the goodwill and reputation instilled in the WISDOMTREE Marks, and its substantial marketing efforts and expenditures to promote them. Dkt. 39 ¶¶ 18, 20.

4.    WisdomTree has garnered a high degree of consumer trust that is vital to its success. Dkt. 39 ¶ 20.

5.    In order to stop the fraud scheme described in the SAC, WisdomTree filed its Complaint on January 9, 2025, and amended its complaint on March 24, 2025, and June 17, 2025. Bricker Dec. ¶¶ 5, 8, 13.

6.    The evidence shows that Defendants are jointly involved in facilitating this scheme, based on a range of commonalities across the communication channels, messages, accounts, and counterfeit material used in furtherance of the scheme. Dkt. 39 ¶ 23.

7.    Defendants were served with the Summons, SAC, and related documents on August 1, 2025, and October 10, 2025. Bricker Dec. ¶¶ 19-20.

8.    Defendants, without WisdomTree's authorization or consent, use (and, absent an injunction, are likely to continue using) counterfeit WISDOMTREE Marks in connection with social media messaging platforms to induce victims into depositing money into fraudulent investment platforms and stealing those funds.  Dkt. 39 ¶ 8, 23, 27; Bricker Dec. ¶ 24-25. Defendants perpetuate the following fraud scheme (*Id.*):

    a.  Defendants obtain telephone numbers with area codes corresponding to their target geographic region, such as New York.

b. Defendants create social networking accounts (including WhatsApp or Telegram accounts) bearing names including "Jason Brown" (a fake persona claiming to be the Chief Analyst of WisdomTree Australia), "Scarlett Kelly" (a fake persona claiming to be Jason Brown's assistant), or "Will Peck" (misappropriating the name and photo of the real William Peck, Head of Digital Assets at WisdomTree), among others.

c. A WhatsApp group can be created by inputting email addresses and soliciting recipients to approve joining the group ("WhatsApp Group"). WisdomTree is aware of at least a dozen WhatsApp Groups connected to Defendants, with hundreds of potential target victims per group.

d. Defendants introduce themselves using fake or misappropriated personas (such as Jason Brown, Scarlett Kelly, or Will Peck), claiming to be executives of WisdomTree sharing investment advice.

e. Defendants circulate, via WhatsApp and Telegram, investment advice and strategies, paired with photographs, biographies and videos showing fake WisdomTree executives hosting investment conferences in partnership with other well-known financial services companies.

f. Defendants use the WISDOMTREE Marks to lure victims into accessing fraudulent investment platforms, including by downloading or using counterfeit mobile apps or web-based apps. Defendants call these fraudulent investment platforms "WisdomTree Pro" or "WT AUS".

g. Once victims download the fake mobile application, they are instructed to provide personal information (including contact and banking information) and to deposit

funds to acquire fake investments. The deceptive mobile and web-based applications/platforms promote investments in cryptocurrencies/digital assets, similar to the genuine products WisdomTree offers. Defendants also pretend to offer financial incentives, such as free money to use when trading on the fake mobile or web-based platforms which, of course, can never be redeemed.

h.  Defendants also ask their victims to make direct bank transfers.

i.  Shortly after victims deposit funds with Defendants, they report receiving a message stating that their funds have been "frozen to protect against fraud." From that point forward, victims are unable to access their funds, allowing Defendants to complete their fraudulent scheme.

9.    WisdomTree has sufficiently pled facts to establish Defendants' liability as to the trademark infringement claims.  The evidence shows that Defendants, without WisdomTree's authorization or consent, are impersonating WisdomTree and its personnel using counterfeits or infringements of the WISDOMTREE Marks as part of the deception, duping consumers and stealing their savings and personal information.  Dkt. 39 ¶¶ 8, 21, 23, 27, 29.

10.    Defendants knowingly and intentionally misappropriated and counterfeited the WISDOMTREE Marks, WisdomTree's corporate identity, and the likeness of WisdomTree employees to solicit money and personal information from victims. Dkt. 39 ¶¶ 21, 23, 27.

11.    WisdomTree has sufficiently pled facts to establish Defendants' liability as to the false advertising claims.  Defendants have made literally false statements about their identities to consumers, and intentionally and maliciously impersonated WisdomTree or WisdomTree personnel to trick consumers into contributing money into fraudulent investment schemes.  Dkt. 39 ¶¶ 8, 23, 27. Once consumers deposited funds with Defendants, they were unable to retrieve

them. Dkt. 39 ¶¶ 23, 29.

12.     For similar reasons, WisdomTree has sufficiently pled facts to establish Defendants' liability as to all of its claims against Defendants, including violations of several New York General Business Laws, violations of anti-phishing laws, and tortious interference with prospective economic advantage.

13.     Defendants' continued use of infringing and counterfeit WISDOMTREE Marks and impersonation of WisdomTree or its personnel to carry out the fraud scheme will cause WisdomTree to suffer irreparable injury and harm to its goodwill and reputation as a trustworthy provider of financial products and services.  Consumers within the general public will be harmed if the Court does not issue the requested relief, by being subjected to ongoing fraud and deception.

14.     Defendants will suffer no countervailing injuries to legitimate interests if the Court issues the requested relief because Defendants have no legitimate interest in continuing to fraudulently solicit money from consumers using WISDOMTREE Marks. The irreparable harm WisdomTree will suffer if the Court does not issue a permanent injunction and award of damages outweighs any potential harm to Defendants that will result if the requested relief is issued.

15.     The public will benefit if the Court grants the requested relief because the permanent injunction will protect WisdomTree's interests in its WISDOMTREE Marks, and the public from being deceived and defrauded by Defendants.

### JUDGMENT AND PERMANENT INJUNCTION

I.    ~~Defendants' Liability and Damages Award~~

A.   ~~Judgment is granted in favor of WisdomTree on all claims against Defendants in the~~

~~Complaint.~~

~~B. Because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because WisdomTree has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded $300,000.00 in statutory damages against Defendants pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.~~

## II. Permanent Injunction

A. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, and each of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns and all those persons acting in concert or participation with any of them, and any entity owned or controlled in whole by any of the Defendants, who receives actual notice of this Judgment by are permanently enjoined and restrained from:

1) Using any of the WISDOMTREE Marks or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of the WISDOMTREE Marks in any context, including without limitation in any promotion, presentation, advertisement, sale, solicitation, social media post or ad, paid search advertisement, WhatsApp or Telegram group, account or social media handle, domain name, or on any web-based platforms or mobile applications;

2) Using any of the WISDOMTREE Marks, or any simulation, reproduction,

copy, colorable imitation or confusingly similar variation of any of the WISDOMTREE Marks, in or as part of any mark, design or logo or otherwise on or in connection with the fraud complained of in the SAC, any similar manner to the scheme identified in the SAC, or in a manner that violates a right owned by WisdomTree;

3) Continued operation of Defendants' social media or other social messaging accounts that reproduce or simulate any of the WISDOMTREE Marks or WisdomTree's employees (including WhatsApp or Telegram groups);

4) Impersonating WisdomTree, any WisdomTree employee (real or fictitious), or any other entity for the purpose of providing financial services, soliciting consumers via social media or other social messaging platforms (including WhatsApp or Telegram groups), offering a mobile application or web-based platform that provides financial services or products, or hosting events purporting to showcase WisdomTree's stance or relationship with any organization;

5) Using WisdomTree's WISDOMTREE Marks or otherwise imitating WisdomTree through social media or other social messaging platforms (including WhatsApp or Telegram groups), newsletters, domain names, social media accounts, and any other communication method or online communication channel;

6) Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, social media or other social messaging accounts (including WhatsApp or Telegram groups), phone

numbers, mobile applications, web-based platforms, bank accounts, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, or offerings for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Judgment;

7) Attempting to apply to register any other trademark or service mark which is likely to be confused with WisdomTree's WISDOMTREE Marks.

8) Engaging in any other activity constituting unfair competition with WisdomTree, or constituting an infringement of any of the WISDOMTREE Marks; and

9) Instructing any other person or business entity to engage in any of the activities enjoined by this Judgment.

B. IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that immediately upon receipt of service of this Judgment, all persons or entities who receive actual notice of this Judgment, including the third-party service providers and financial institutions who satisfy those requirements and are identified in this Judgment, are hereby permanently enjoined and restrained from engaging in any of the following acts or omissions:

1) Operation of Defendants' user accounts in violation of this Judgment (accordingly, the third-party service providers (including WhatsApp and Telegram) and financial institutions (including J.P. Morgan Chase and Citibank Hong Kong) are directed to disable or suspend the following used by Defendants in connection with the fraud scheme described in the SAC, and any other accounts associated with Defendants);

13

| Third-Party Service Provider or Financial Institution | Account to Disable or Suspend |
|---|---|
| WhatsApp | +44 7352 428125 (Ms Jenny, Asst to Mr Will Peck) |
| WhatsApp | +61 432964165 (Jason Brown) |
| WhatsApp | +61 450673205 (Admin) |
| WhatsApp | +61 433405952 (Scarlett Kelly) |
| WhatsApp | +61 433401676  (Admin) |
| WhatsApp | +1 8632082781 (Will Peck) |
| WhatsApp | +1 4124990913 (Admin) |
| WhatsApp | +1 6465707352 (Alice Noah) |
| WhatsApp | +1 2136596439 (Admin) |
| WhatsApp | +1 6464258134 (Admin) |
| WhatsApp | +1 917 5499711 (Admin) |
| WhatsApp | +1 6465707390 (Will Peck) |
| WhatsApp | +61 425184964 (Admin) |
| WhatsApp | +61 450389145 (Jason Brown) |
| WhatsApp | +61 430172426 (Scarlett Kelly) |
| WhatsApp | +61 451329741 (Jason Brown) |
| Telegram | https://t.me/wisdomtree |
| Telegram | https://t.me/wisdomtreeinvestments |
| Telegram | https://t.me/wisdomtreeprime_EN |
| Telegram | https://t.me/wisdomtreebot_bot |
| Telegram | https://t.me/wisdomtreec5 |
| Telegram | https://t.me/wisdomtreem7 |
| Telegram | https://t.me/endhssnadhfsn |
| Telegram | https://t.me/gednsgejjn |
| Telegram | https://t.me/willpeck8 |
| Telegram | https://t.me/willpeck05 |
| Telegram | https://t.me/willpeck06 |
| J.P. Morgan Chase | Account No. 679608102 (Pergoo, Inc.) |
| Citibank Hong Kong | Account No. 5013937383 (Yook Trade Limited) |

2) Instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs 8(a) through 8(i) above.

//

//

//

14

**III.    <u>Service of Judgment and Permanent Injunction</u>**

I.    Service of this Judgment and Permanent Injunction shall be made on and deemed effective if it is completed by the following means:

1)    On Defendants Pergoo, Inc. and Deng Ling: Delivery of a PDF copy of this Final Judgment and Permanent Injunction by email to brauncenterfold@gmail.com and geuoql902848@gmail.com.

2)    On Defendant Wisdomtree Finance Ltd.: Delivery of a PDF copy of this Final Judgment and Permanent Injunction by mail to 2555 Tamora Way, Colorado Springs, CO 80919, Defendant Wisdomtree Finance Ltd.'s address listed on its registration filed with the Colorado Secretary of State.

3)    On WhatsApp: Delivery of a PDF copy of this Final Judgment and Permanent Injunction by (i) Federal Express to WhatsApp LLC at CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Dr Ste 150N, Sacramento, CA 95833, and (ii) a PDF copy of this Final Judgment and Permanent Injunction via electronic mail to WhatsApp at support@whatsapp.com and legal@whatsapp.com.

4)    On Telegram: Delivery of a PDF copy of this Final Judgment and Permanent Injunction by electronic mail to Abuse@Telegram.org and DMCA@Telegram.org.

5)    On J.P. Morgan Chase: Delivery of a PDF copy of this Final Judgment and Permanent Injunction by electronic mail to maxwell.taylor@jpmchase.com, i.e., the email address through which JP Morgan Chase communicated with WisdomTree with respect to the Court's TRO.

6) On Citibank Hong Kong: Delivery of a PDF copy of this Final Judgment and Permanent Injunction by electronic mail to: cgchk@citi.com and kristen.fiore@citi.com, i.e., the email address through which Citibank Hong Kong communicated with WisdomTree with respect to the Court's TRO

IV. **Additional Relief**

A. IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that two (2) weeks after final order with respect to damages ~~judgment~~ is entered, WisdomTree will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed; and

B. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment.

SIGNED this 27th day of May 2026.

_Paul A. Engelmayer_
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

16